**IT IS ORDERED as set forth below:**



**Date: November 18, 2025**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: | |
| **DERRICK EARL GRAYSON,** | CASE NUMBER: **24-52699-PMB** CHAPTER 13 |
| Debtor. | |
| **DERRICK EARL GRAYSON,** | |
| Movant, | |
| v. | CONTESTED MATTER |
| **RONALD K. GRAYSON,** | |
| Respondent. | |

**ORDER SUSTAINING OBJECTION TO CLAIM**

On August 8, 2025, Derrick Earl Grayson (the "Debtor") filed an *Objection to Claim of Ronald K. Grayson, Claim No. 18* (Docket No. 33)(the "Objection"), which was supplemented on the same day (Docket No. 34)(the "Supplement"). The Objection and Supplement were scheduled for a hearing on September 4, 2025, and rescheduled to October 30, 2025 (the "Preliminary Hearing"). Ronald K. Grayson, the above-named Respondent (the "Respondent"), who is

proceeding *pro se*, filed a *Response to Debtor's Objection to Claim* on September 4, 2025 (Docket No. 37)(the "Response"). At the Preliminary Hearing, it was determined that the resolution of this matter required an evidentiary hearing.[1]

An evidentiary hearing on the Objection, the Supplement, and the Response was held on notice[2] on November 13, 2025, at 1:30 p.m. (the "Hearing"), at which time the Debtor, counsel for the Debtor, and counsel for the duly appointed Chapter 13 trustee (the "Chapter 13 Trustee") were present. The Respondent did not appear at the Hearing.[3]

The Objection centers on a Proof of Claim filed by the Respondent on March 15, 2025 (Claim No. 18)(the "Claim") in the amount of $10,000, $5,000 of which was asserted without explanation as secured and the remaining $5,000 as unsecured, which arises from a settlement between the parties (described in greater detail *infra*). In the Objection, the Debtor asserts that the Claim fails to include a payment history and does not properly account for four (4) payments made by the Debtor to the Respondent totaling $2,050.00. On this basis, the Debtor requests that the Claim be reduced to an allowed amount of $7,950.00. The Debtor also added at the Preliminary

---

[1] The Respondent did not attend the Preliminary Hearing.

[2] *See Order and Notice Scheduling Evidentiary Hearing on Debtor's Objection to Claim of Ronald K. Grayson, Claim No. 18, Debtor's Supplement to the Objection to Claim, And Respondent's Responses Thereto* (Docket No. 41)(the "O&N"). The O&N was served on the Respondent. *See Certificate of Notice*, at Docket No. 42.

[3] The Court did, after issuing the O&N, receive an *ex parte* email communication from the Respondent indicating that he was not available to attend a hearing for the entire month of November. The Court replied to that email that for his communication to be considered by the Court he would need to copy his email communication on all parties as required by the Court's published procedures. *See* Federal Rule of Bankruptcy Procedure 9003(a), BLR 9003-2; *see also* General Information, Communicating with Judge Baisier's Chambers (10/5/21) at https://www.ganb.uscourts.gov/content/honorable-paul-m-baisier ("Every message sent to Chambers must be sent to all parties in the contested matter or adversary proceeding (or specific dispute in an adversary proceeding), where Rule 9003 would require that a communication to Chambers sent by conventional means be served on other parties.") No further communication was received from the Respondent, such that there was no indication to him that the Hearing would not proceed. Further, his overbroad declaration of his unavailability would not have resulted in the rescheduling of the Hearing in any event.

Hearing and the Hearing that the Respondent did not describe at all in the filed Claim the basis for asserting that part of the Claim is secured, such that it should be deemed entirely unsecured.[4]

During the Hearing, the Court heard argument from Debtor's counsel, testimony from the Debtor, and a report on the status of this case by the Chapter 13 Trustee. The Debtor testified that the Respondent's claim arises out of the Debtor's agreement to pay the Respondent $30,000 (the "Obligation")to resolve a dispute between them regarding the ownership and potential disposition of property located at 135 Fairburn Road, S.W., Atlanta, Georgia 30331 (Fulton County)(the "Property").[5] The Debtor further testified that he paid the Respondent $20,000 cash from (or borrowed against) his 401k account. He was later surprised to learn that the Respondent still claimed that $10,000 was due and owing on the Obligation, since the Debtor had previously agreed to make (and did make) four (4) payments to the Respondent in exchange for the Respondent's agreement to suspend foreclosure efforts against the Property. The Debtor testified that he has thus paid a total of $22,050 directly to the Respondent on the Obligation.

The Chapter 13 Trustee reports that under the Debtor's confirmed plan, the Respondent has been paid $5,832.62 in principal and $247.86 in interest on the $10,000 filed Claim. Funding of that claim ceased upon the filing of the Objection pending its outcome.

Based on a review of the pleadings, the testimony of the Debtor, and the argument of counsel, and as stated on the record at the Hearing, a reduction of the Claim is warranted to reflect an additional $2,050 in payments, such that the Claim will be allowed in the amount $7,950.

---

[4] The Schedules reflect that the Debtor owns, among other things, property located at 135 Fairburn Road, S.W., Atlanta, Georgia 30331 (Fulton County), with nonexempt equity in excess of $10,000.

[5] The Debtor and the Respondent are brothers. The Property had belonged to the parties' mother who died in 2019, leaving the Property to the Debtor and his sister. The sister quitclaimed her interest to the two (2) brothers after the Respondent objected to having been excluded from ownership and demanded the Property be sold. The Obligation results from the resolution of that dispute between the Debtor and the Respondent. The Debtor currently lives at the Property. The Debtor gave a security deed in favor of the Respondent to secure the Obligation, which was released upon the payment by the Debtor of $20,000 as described *infra*.

As further noted during the Hearing, the Respondent appears to hold a consent final Judgment rendered in Fulton County, Georgia against the Debtor in the amount of $10,000 (the "Judgment"),[6] and based on this Judgment, the Court indicated at the Hearing that a question remained regarding whether any portion of the Claim is secured.  Although no evidence was presented or argument made as to the basis of the asserted secured claim, the Court surmised it could be based on the Judgment and the Debtor's ownership of the Property.[7]

With respect to the possibility that the Claim could be secured on that basis, the Court has reviewed whether entry of a judgment by a superior court is sufficient under Georgia law to create a lien on a judgment debtor's real property located in the county where the judgment is entered, or if issuance of a writ of fieri facias on the judgment and its recordation on its general execution docket is necessary for the judgment to become a lien on real property. O.C.G.A. § 9-12-86, states that:

> (b) No judgment, decree, or order or any writ of fieri facias issued pursuant to any judgment, decree, or order of any superior court, city court, magistrate court, municipal court, or any federal court shall in any way affect or become a lien upon the title to real property until the judgment, decree, order, or writ of fieri facias is recorded in the office of the clerk of the superior court of the county in which the real property is located and is entered in the indexes to the applicable records in the office of the clerk. Such entries and recordings must be requested and paid for by the plaintiff or the defendant, or his attorney at law.

O.C.G.A. § 9-12-86.  *See also In re Brownlee*, 624 B.R. 512 (M.D. Ga. 2020), applying certified questions as answered in, *Synovus Bank v. Kelley*, 309 Ga. 654, 654, 847 S.E.2d 592, 593 (2020).

---

[6] The Respondent only attached to the Claim an unsigned draft of a settlement agreement between him and the Debtor, with a caption that contained an incorrect case number (missing a "1").  The Court was nevertheless able to locate in the online free records of the Fulton Court Superior Court the underlying case and obtain a copy of the Judgment executed by the Superior Court.  Although the signed Judgment is not in the record in this case, the Court considered its potential effect even in its absence.

[7] Because under the confirmed plan in this case the Debtor is paying all his creditors one hundred percent (100%) of their claims, the only difference it makes whether the claim is secured or unsecured is when it gets paid (secured claims get paid first) and whether the allegedly secured part of the Claim must be paid interest.

With respect to the Judgment, there is no evidence in the record that either the Judgment was recorded on the General Execution Docket of the Fulton County Clerk's Office or that a writ of fieri facias was requested and issued on the Judgment and recorded on the General Execution Docket of the Fulton County Clerk's Office. Accordingly, consistent with Georgia law, the Court concludes that the Claim is unsecured.

Based on the foregoing, it is

**ORDERED** that the Objection is **SUSTAINED** and the Claim is **allowed** in the amount of $7,950 as an **unsecured** claim; and it is further

**ORDERED** that whatever amount has been paid by the Chapter 13 Trustee under the Chapter 13 plan in this case may be applied to the payment of the Claim as an unsecured claim.

The Clerk's Office is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, the Respondent, and the Chapter 13 Trustee.

**[END OF DOCUMENT]**